**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DIGITAL DEVELOPMENT LLC,<br>a Michigan limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DESERTLORE LLC, an Arizona limited liability company, and SANDUL GANGODAGAMAGE, an unknown individual,<br><br>Defendants. | Case No. 26-cv-13710<br><br>Hon. ______________<br><br>**Complaint and Jury Demand** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **Digital Development LLC**, doing business as **Nosniy Games** ("Plaintiff" or "Digital Development"), by and through counsel, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq., and for trademark infringement, false designation of origin, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendants' development, publication, marketing, and operation of the online game **"Veck.io"** (the "Infringing Game").

2. Plaintiff owns and operates the Roblox game **RIVALS**, together with intellectual-property rights associated with that game, including copyrighted

audiovisual and graphic elements, and federally registered and common-law trademark rights in the **RIVALS** name and associated source-identifying branding.

3. Defendants published and operate the Infringing Game online and copied multiple original elements from Plaintiff's game, including without limitation the Arena map texture and associated artwork, user-interface features, and end-game win-screen animations.

4. Defendants also used source-identifying branding for the Infringing Game in a manner likely to confuse consumers, including a confusingly similar color presentation and branding intended to trade on the goodwill associated with Plaintiff's RIVALS game.

## THE PARTIES

5. Plaintiff **Digital Development LLC** is a Michigan limited liability company with its principal place of business in Birmingham, Oakland County, Michigan. Plaintiff does business under the name **Nosniy Games**.

6. Upon information and belief, Defendant **DesertLore LLC** ("DesertLore") is the developer, publisher, owner, operator, and/or controlling entity of Legion Games/Legion Platforms, which hosts the Infringing Game identified online as **Veck.io**. Upon information and belief, DesertLore was formed in the State of Arizona on August 13, 2025.

7. Upon information and belief, Defendant **Sandul Gangodagamage** is the statutory agent of DesertLore and the founder and CEO of Legion

Games/Legion Platforms. At this time, Plaintiff believes that Sandul Gangodagamage resides in Arizona.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act and the Lanham Act.

9. This Court has subject matter jurisdiction over this action on the basis of diversity pursuant to 28 U.S.C. §1332(a) because (a) Plaintiff is a citizen of the State of Michigan; (b) Defendant Desertlore LLC is a citizen of the State of Arizona; (c) Defendant Gangodagamage is, upon information and belief, a citizen of the State of Arizona; and, (d) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10. This Court has non-exclusive jurisdiction over claims brought under the Lanham Act, 15 U.S.C. §1051 et seq.

11. This Court has supplemental jurisdiction over related state-law claims, if any, under 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants purposefully directed their conduct toward Michigan and this District by making the Infringing Game available to users in Michigan and this District online, soliciting and serving users here, and deriving revenue and commercial benefit from those activities.

13. Personal jurisdiction is also proper because Defendants' intentional acts were expressly aimed at Plaintiff, a Michigan company, and Defendants knew or should have known that the resulting injury would be suffered in Michigan.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and a substantial part of the injury to Plaintiff was suffered in this District.

15. Venue is also proper under 28 U.S.C. § 1400(b) because, upon information and belief, Defendants may be found in this District by virtue of their purposeful and continuous distribution, promotion, and exploitation of the Infringing Game here.

## FACTUAL ALLEGATIONS

16. Plaintiff develops, publishes, and operates original video-game content, including the RIVALS game.

17. The RIVALS game is hosted on a third-party platform called Roblox.

18. RIVALS is a first-person shooter game.

19. Plaintiff owns all right, title, and interest in and to RIVALS and the original protectable expression embodied in RIVALS, subject to the rights reflected in any written assignments or transfers from the contributing authors.

20. Plaintiff also owns the goodwill associated with the **RIVALS** name and branding as used in connection with online video-game services and related entertainment services.

21. Since at least 2024, Plaintiff has used the **RIVALS** name in commerce in connection with Roblox-based video-game services offered to consumers throughout the United States, including in Michigan.

22. Through Plaintiff's use, promotion, and commercial success, the **RIVALS** mark has come to identify Plaintiff as the source of the RIVALS game and associated services.

23. On December 23, 2025, Plaintiff registered it trademark in the logo with the United States Patent and Trademark Office. The trademark registration number for the logo is 8,073,831. A copy of the original registration certificate is attached as Exhibit 1.

24. Plaintiff's RIVALS game includes numerous original audiovisual and graphic elements, including but not limited to game maps, textures, character/figure artwork, animations, thumbnails, logos, and user-interface features.

25. Plaintiff also owns a registered copyright in **Arena Map**, U.S. Copyright Registration No. **VA 2-463-154**, with an effective registration date of **September 15, 2025**. A copy of the copyright registration is attached as Exhibit 2.

26. Defendants published and/or operated the online game known as **Veck.io**, which operates as a browser-based game accessible via the Internet.

27. Upon information and belief, the Infringing Game was promoted as being made by or associated with **Legion Games/Legion Platforms**.

28. Upon information and belief, Defendant **DesertLore LLC** is the legal entity associated with Legion Games/Legion Platforms.

29. The Infringing Game copied numerous original expressive elements from RIVALS.

30. By way of example, the Infringing Game copied or substantially copied Plaintiff's original expression in at least the following ways:

31. It uses a substantially similar player.

32. It uses a substantially similar score user interface.

33. It uses substantially similar end-game win-screen animations.

34. It uses a substantially similar map thumbnail and map appearance for a map identified as **Arena**, including use of or close imitation of Plaintiff's Arena map texture and overall look.

35. It used a substantially similar character/figure design to the figure used in RIVALS.

36. It adopted branding and presentation, including color usage and overall source-identifying appearance, intended to evoke Plaintiff's RIVALS game and confuse or divert Roblox users.

37. The foregoing copying was not coincidental. Defendants had access to RIVALS and its expressive elements through Roblox.

38. The Infringing Game was designed to capitalize on the commercial success and goodwill of RIVALS and to siphon players and revenue away from Plaintiff.

39. Defendant's acts have been willful, intentional, and undertaken with knowledge of Plaintiff's rights, or at a minimum with reckless disregard for those rights.

40. Defendants have caused and continue to cause Plaintiff substantial and irreparable injury, including loss of control over its intellectual property, diversion of users and goodwill, market confusion, and monetary harm.

## COUNT I – COPYRIGHT INFRINGEMENT

41. Plaintiff repeats and realleges Paragraphs 1 through 38 as if fully set forth herein.

42. Plaintiff owns valid copyrights in original works that Defendants copied, including at minimum the works registered as **Arena Map** (VA 2-463-154).

43. Plaintiff also owns additional original expression embodied in RIVALS, including audiovisual displays, animations, and other protectable elements, to the extent recognized under the Copyright Act.

44. Defendants had access to Plaintiff's copyrighted works.

45. Defendants copied constituent original elements of Plaintiff's copyrighted works without authorization.

46. Defendants reproduced, prepared derivative works from, displayed, distributed, performed, marketed, promoted, and otherwise exploited infringing material through the Infringing Game in violation of Plaintiff's exclusive rights under 17 U.S.C. §106.

47. Defendants' infringement has been willful.

48. As a direct and proximate result of Defendants' copyright infringement, Plaintiff has suffered damages and is entitled to recover Defendants' profits attributable to the infringement, as well as Plaintiff's actual damages, pursuant to 17 U.S.C. § 504.

49. To the extent permitted by law and election, Plaintiff seeks statutory damages for infringements of timely registered works.

50. Plaintiff is further entitled to preliminary and permanent injunctive relief under 17 U.S.C. § 502, impoundment and disposition of infringing materials under 17 U.S.C. § 503, and attorneys' fees and costs under 17 U.S.C. § 505.

## COUNT II – TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

### LANHAM ACT, 15 U.S.C. §1051 et seq.

51. Plaintiff repeats and realleges Paragraphs 1 through 50 as if fully set forth herein.

52. The Lanham Act, 15. U.S.C. §1051 et.seq. creates civil liability for any person who, without the consent of the registrant of a trademark, reproduces, copies or otherwise imitates the mark in a manner that is likely to cause confusion or mistake for customers.

53. Plaintiff owns valid and protectable federal trademark registration in the logo design RIVALS, US Reg. No. 8,0736,831 with a registration date of December 23, 2025.

54. Plaintiff owns valid and protectable common-law trademark rights in the **RIVALS** mark as used in commerce in connection with online video-game and entertainment services.

55. Plaintiff also owns protectable rights in the overall source-identifying branding and presentation associated with RIVALS, including branding used to identify Plaintiff as the source of the game.

56. The **RIVALS** mark, its color scheme, and associated branding are distinctive and/or have acquired distinctiveness through use in commerce, consumer recognition, and the game's success.

57. Defendants uses in commerce a confusingly similar designation, branding, color scheme, presentation, and source-identifying appearance in connection with the Infringing Game.

58. Defendants' use was without Plaintiff's consent.

59. Defendants' use was intentional and knowing.

60. Defendants' conduct is likely to cause confusion, mistake, or deception as to affiliation, connection, association, sponsorship, approval, or origin.

61. Defendants' conduct was intended to capitalize on Plaintiff's reputation and goodwill and to divert users seeking Plaintiff's game and services.

62. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and will continue to suffer damage to its goodwill, reputation, and business, and is entitled to injunctive relief, Defendants' profits, corrective relief, damages, costs, and such enhanced relief as the law permits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A. Declaring that Defendants infringed Plaintiff's copyrights;

B. Declaring that Defendants infringed Plaintiff's trademark rights and engaged in false designation of origin and unfair competition;

C. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from copying, reproducing, displaying, distributing, marketing, promoting, operating, monetizing, or otherwise exploiting the Infringing Game or any work, feature, asset, branding, or material that infringes Plaintiff's rights;

D. Ordering Defendants to remove or cause removal of the Infringing Game and all infringing or confusingly similar assets from any platform within Defendants' control;

E. Ordering impoundment, sequestration, forfeiture, destruction, or other disposition of infringing materials to the fullest extent permitted by law;

F. Awarding Plaintiff its actual damages and Defendants' profits in an amount to be proven at trial;

G. Awarding statutory damages to the extent available under the Copyright Act and Lanham Act (including but not limited to those codified in 15 U.S.C. §1117) including treble damages;

H. Awarding Plaintiff its attorneys' fees, costs, and expenses;

I. Awarding pre-judgment and post-judgment interest; and

J. Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 29, 2026

Respectfully submitted,

**LIPPITT O'KEEFE, PLLC**

By: /s/ *Carey L. Robinson*_____
Carey L. Robinson

Attorneys for Plaintiff **Digital Development LLC**

LIPPITT O'KEEFE, PLLC
David J. Simonelli (P47221)
Carey L. Robinson (P74146)
Counsel for Plaintiff
370 E. Maple Road, Third Floor
Birmingham, Michigan 48009
(248) 646-8292
dsimonelli@lippittokeefe.com
crobinson@lippittokeefe.com

WEINGARDEN LAW, PLLC
Harvey R. Weingarden (P31534)
Co-Counsel for Plaintiff
370 E Maple Road, Third Floor
Birmingham MI 48009
(248) 723-1650
hweingardenlaw@gmail.com